UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

MICHELE JAMES,

                Plaintiff,

-against-

PERNOD RICARD USA, LLC,

                Defendant.
------------------------------------- x

Case No.: 21 Civ. 10795

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order for purposes of discovery pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of sensitive private medical and/or competitive or other sensitive confidential information that they may need to disclose in connection with discovery in this action;

WHEREAS, discovery in this case may also require the disclosure of protected health information ("PHI") that is regulated by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the regulations promulgated by the Secretary of the Department of Health and Human Services to enforce HIPAA, along with other federal regulations, including but not limited to 42 C.F.R. Part 2;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order, including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, will adhere to the following terms:

1. This Order shall apply to all documents and things subject to discovery in this action produced either by a Party or a non-party in response to or in connection with any discovery concluded in this action, including without limitation, answers to interrogatories, documents and things produced (including documents and things produced for inspection), responses to written and electronic discovery requests, and answers to requests for admission, testimony adduced at depositions upon oral examination or upon written questions, as well as any and all copies, abstracts, digests, notes and summaries thereof (the "Discovery Material") and shall continue to apply to them during the entire pretrial phase of this litigation, including discovery, dispositive motion practice, and pretrial motion practice.

2. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

3. For the purposes of this Order, "Document" shall mean any written, typed or printed matter of any kind, computer print-outs, sound recordings, electronic data, photographs or any other media for preparing, duplicating or recording written or spoken words;

2

4. For the purposes of this Order, "Protected Health Information" or "PHI" shall have the definition given it in the HIPAA regulations which define PHI to include "individually identifiable health information," which is, in turn, defined by the HIPAA regulations as information that "relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provisions of health care to an individual; and that identifies the individual or with respect to which there is a reasonable basis to believe the information can be used to identify the individual." 45 C.F.R. § 160.103. Individually identifiable health information includes patient names, addresses, and social security numbers;

5. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of information deemed confidential, including but not limited to:

(a) previously non-disclosed proprietary or confidential financial or business information (including without limitation profitability reports or estimates);

(b) previously non-disclosed proprietary or confidential material relating to ownership or control of any non-public company;

(c) previously non-disclosed proprietary or confidential business plans or marketing plans;

(d) any information of a personal or intimate nature regarding any individual or Party or any other confidential information such as confidential family or health information;

(e) confidential mental health and/or confidential medical information and PHI and/or individually identifiable health information, including but not limited to such

3

information regarding the Plaintiff as defined by or subject to federal and/or state law or this Order;

(f) non-public family, medical, mental health and/or employment records of non-parties; or

(g) any other category of information this Court subsequently affords confidential status.

6. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

7. A Producing Party or its counsel may, to the extent permitted by this Order or a Court Order, designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

4

8. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within seven business days of providing such notice.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) requiring that such evidence be kept under seal at the time of trial.

10. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy of the document;

5

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(f) or 7(g) above, counsel must provide a copy of this Order to such person, who must sign an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Acknowledgment of Protective Order, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule

4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

15. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

16. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for

7

any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Nothing contained in this Order shall be construed as preventing any attorney for any party from seeking discovery of any documents marked as Confidential Discovery Material under this Order from seeking such documents in connection with the prosecution or defense of any other litigation or other legal proceedings.

17. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party, or, destroy such material, including all copies thereof. In either event, if requested by the Producing Party, within 10 days after the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material, except as provided herein.

Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, documents relied upon as supporting any claim or defense, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: New York, New York
June 6, 2022

PHILLIPS & ASSOCIATES, PLLC

By: _____
Marjorie Mesidor, Esq.
Joseph Myers, Esq.

585 Stewart Avenue, Suite 410
Garden City, New York 11530
Tel: (212) 248-7431
Fax: (212) 901-2107
mmesidor@tpglaws.com
*Attorneys for Plaintiff*

Dated: New York, New York
June 6, 2022

EPSTEIN BECKER & GREEN, P.C.

By: */s Lauri F. Rasnick*
Lauri F. Rasnick, Esq.
Dana N. Berber, Esq.

875 Third Avenue
New York, New York 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
lrasnick@ebglaw.com
dberber@ebglaw.com
*Attorneys for Defendant*

Dated: June ___, 2022
New York, New York

_____
DENISE COTE
United States District Judge

10

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

MICHELE JAMES,

                          Plaintiff,

           -against-

PERNOD RICARD USA, LLC,

                        Defendant.
------------------------------------ x

Case No.: 21 Civ. 10795

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, acknowledge that I have read and understand the Stipulated Protective Order (the "Protective Order") in this action governing the non-disclosure of those documents and deposition testimony that have been designated as "Confidential." I agree that I will not disclose such information except as expressly permitted under this Protective Order, and at the conclusion of all of the above-captioned litigations I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order subjects me to punishment for contempt of Court and such other and further relief as the Court may deem equitable, just and proper.

_____      _____

Date                              Signature

11