

**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
585 STEWART AVENUE, SUITE 410, GARDEN CITY, NEW YORK 11530
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

November 15, 2022

*Plaintiff shall submit to a deposition on or before 12/2/22. The parties shall confer as to the date.*

*Denise Cote*
*11/15/22*

<u>*Via ECF*</u>
Honorable Denise Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     RE:   **James v. Pernod Ricard USA, LLC**
             Docket No.: 21-cv-10795

Dear Judge Cote:

     This office represents Plaintiff, Michele James, ("Plaintiff") in the above-referenced matter and write in response to Defendant's motion for a Local Civil Rule 37.2 conference filed last night, November 14, 2022. Before addressing the substance of Defendant's motion, Plaintiff notes that Defendant did not meet and confer with Plaintiff, either in person or by telephone, as required by Your Honor's Individual Rules.

     Defendant's motion is, in effect, an endeavor to seek reconsideration of the Court's denial of the motion to extend discovery.[1] Defendant seeks to blame Plaintiff for their own failures to timely schedule the deposition of Plaintiff. While Defendant did send a Notice of Deposition for Plaintiff to take place on September 1, 2022, not September 10, 2022 as indicated in Defendant's letter, Defendant did not attempt to proceed with the deposition at that time. Instead, Defendant lackadaisically pursued purported deficiencies with Plaintiff's paper discovery responses, waiting nearly a month to first address the supposed issues and then waiting another three weeks to contend that Plaintiff's responses were still improper.[2]

     In any event, the matter truly before the Court is the scheduling of Plaintiff's deposition. Following the Court's denial of the motion to extend discovery, Defendant served Plaintiff with a Notice of Deposition around 4:30 PM on November 14, 2022, for a deposition to take place a mere four days later on November 18, 2022, the final day of fact discovery.

---

[1] We note that Plaintiff joined this application based on Defendant's counsel representations on November 11, 2022, that settlement discussions were still ongoing. However, on November 14, 2022, Plaintiff learned that prior to Defendant's counsel representations on November 11, 2022, Defendant had advised Magistrate Judge Figueredo of a position that would put an end to settlement discussions.
[2] While Plaintiff believes that Plaintiff's responses were entirely proper, Plaintiff agreed to certain of Defendant's requests so as not to burden the Court with unnecessary discovery disputes.

Federal Rule of Civil Procedure 30(b)(1) states that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Four days is certainly not "reasonable written notice." *See Protegrity Corp. v. Voltage Sec., Inc.*, No. 10-cv-755, 2013 U.S. Dist. LEXIS 181516, at \*5-\*6 (D. Conn. Dec. 31, 2013) (finding four days' notice, for a deposition to take place on the discovery end date, insufficient notice); *see also Ravikant v. Rohde*, No. 21-cv-4758, 2022 U.S. Dist. LEXIS 74363, at \*5-\*7 (S.D.N.Y. Mar. 18, 2022) (finding four business days' notice insufficient); *Brockaway v. VA Conn. Healthcare Sys.*, No. 10-cv-719, 2011 U.S. Dist. LEXIS 41193, at \*12 (D. Conn. Apr. 15, 2011) (finding four days' notice insufficient); *Eckert v. United Auto. Workers*, No. 04-cv-0538S, 2010 U.S. Dist. LEXIS 53456, at \*5 (W.D.N.Y. May 27, 2010) (finding five days' notice insufficient). Accordingly, Defendant's Notice of Deposition is improper.

Defendant lastly complains that it would be "severely prejudiced" if not permitted to conduct Plaintiff's deposition.[3] The discovery deadline was set nearly six months in advance, giving Defendant plenty of time to ensure that it avoided the severe prejudice of which it complains. However, Defendant did not do so and Plaintiff respectfully requests that the Court not permit Defendant to take a deposition after the close of discovery.

We thank the Court for its time and attention to this matter.

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By: _____*/s/*_____
Marjorie Mesidor, Esq.
Joseph Myers, Esq.
*Attorneys for Plaintiff*
**Phillips & Associates, PLLC**
585 Stewart Avenue, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901-2107
mmesidor@tpglaws.com
jmyers@tpglaws.com

---

[3] This so-called prejudice is not unique to Defendant as Plaintiff is in the same position due to Plaintiff's good faith, albeit incorrect, decision to proceed along the settlement trajectory.