EPSTEIN
BECKER
GREEN

Attorneys at Law

Lauri F. Rasnick
t 212.351.4854
f 212.878.8600
LRasnick@ebglaw.com

November 17, 2022

VIA ECF
Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

*The plaintiff's deposition shall proceed on December 3, 2022.*

*Denise Cote*
*11/17/22*

Re: *James v. Pernod Ricard USA, LLC*, 21-cv-10795

Dear Judge Cote:

This Firm represents the defendant in the above captioned matter.

We are regretfully writing again regarding depositions in this matter in anticipation of the call scheduled with the Court at 5:00 today.

This morning we received an email from Plaintiff's counsel providing four potential dates for Plaintiff's deposition (December 22, 23, 29, 30). I promptly responded to Plaintiff's counsel requesting that they propose dates prior to December 22 and offered December 3 and 4 (a Saturday and Sunday) as possible dates for Plaintiff's deposition in order to accommodate counsel and Plaintiff's work and travel schedule. **The parties have agreed to schedule Plaintiff's deposition on December 3, pending approval by the Court.**

Attached to that same correspondence from Plaintiff's counsel were four notices of deposition for four witnesses. This correspondence -- **sent one day prior to the close of fact discovery** -- is the first time that Plaintiff's counsel has contacted Defendant to express any interest in taking depositions in this case. At no time during discovery had Plaintiff served deposition notices, raised the subject of serving notices of deposition, or even identified any potential deponents. In addition to the fact that these deposition notices are clearly untimely and unreasonable, they are also improper as they contain no dates and thus do not provide reasonable written notice to Defendant of the time and date of the proposed deposition (as is required by F.R.C.P. 30(b)(1)). Nor did Plaintiff seek and receive the Court's permission to take depositions after the close of discovery (November 18).

This last-minute belated attempt to seek depositions is also contrary to Plaintiff's position up until this time. Plaintiff's counsel has consistently argued to Defendant that no depositions are needed in the matter and none should be allowed after the fact discovery deadline. On November 14, 2022, in response to Defendant's email earlier that day requesting that Plaintiff be produced for a deposition on November 18, Ms. Mesidor wrote that Plaintiff was "comfortable with Judge

Hon. Denise L. Cote
November 17, 2022
Page 2


Cote's decision" to deny the parties' request for an extension of time to conduct fact discovery. In her emails to Defendant and in counsel's November 15, 2022 letter the Court, Plaintiff's counsel explicitly requested that "the Court not permit Defendant to take a deposition after the close of fact discovery." (ECF No. 24).

Based on the above, Defendant respectfully requests that the Court:

- Permit Defendant to take Plaintiff's deposition on Saturday, December 3, 2022; and

- Strike the four notices of deposition sent via email today, November 17, 2022.

We thank Your Honor for your continued attention and consideration to this matter.

Very truly yours,

*/s/ Lauri F. Rasnick*
Lauri F. Rasnick